IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:06-748-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TYRONE NOBLE | ) | |
| _____ | ) | |

  This matter is before the court upon defendant's motion for free copies of various orders and documents which might explain the court's reasoning in granting numerous continuances in his criminal case. The defendant indicates that he is "in the midst of formulating post-conviction relief motions and time is of the essence."

  The record reflects that the defendant withdrew his motion under 28 U.S.C. § 2255 on September 22, 2010. He also filed a request on January 3, 2011, asking this court to appoint him counsel to represent him in a § 2255 action, which this court denied. Thus, there is no pending action or issue before this court.

  In the event the defendant files a § 2255 motion, he may then request copies of specific documents or transcripts. The court further notes that defendant is not precluded from filing a § 2255 motion merely because he does not have documents from his case. Indeed, § 2255 motions are frequently filed without the benefit of transcripts or other documents. If the defendant is interested in receiving specific transcripts or documents at his own expense prior to filing his § 2255 motion, he may contact the Clerk to request them. The Clerk will then advise the defendant of the cost of the copies which must be paid up-front and in full to the Clerk. If the defendant seeks a copy of his presentence report, he must

1

2

write the United States Probation Office and request a copy from that office. If the defendant seeks a copy of the transcripts of his criminal proceedings, he must contact the court reporter directly and arrange for copies through the court reporter.

After the defendant files his § 2255 action indicating the issues raised, he may file a motion for free transcripts pursuant to 28 U.S.C. § 753(f) for consideration by the court. He is entitled to free copies of transcripts and documents in conjunction with a § 2255 action only if the court finds that his § 2255 claims are not frivolous and the documents are needed to decide the issues presented. *See* 28 U.S.C.A. § 753(f) (West 2008); *United States v. Shoaf,* 341 F.2d 832, 833–34 (4th Cir.1964) (indigent defendant must show some need for transcript beyond his mere desire to comb the record in hope of discovering errors to raise in habeas).

Accordingly, defendant's motion for free copies is denied (ECF No. 1011).

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

July 7, 2011
Columbia, South Carolina

2