IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| UNITED STATES OF AMERICA | ) | CR. No: 3:06-748-JFA |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TYRONE NOBLE, | ) | |
| _____ | ) | |

This matter comes before the court upon the motion by defendant Tyrone Noble to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1014). For the reasons discussed below, the court finds that the grounds asserted by Noble lack merit, and that the Respondent's motion for summary judgment should be granted, and the Petition dismissed.

## BACKGROUND

On June 5, 2008, Noble pleaded guilty to Count 1 of an indictment against him, which charged him with conspiracy to possess with intent to distribute 50 grams or more of cocaine base. On September 26, 2008, this court sentenced Nobel to a term of 252 months in prison. In his plea agreement, Noble waived his right to appeal, but nevertheless filed an appeal with the Fourth Circuit. The Fourth Circuit affirmed this court on March 25, 2010, and the Supreme Court denied certiorari.

Noble filed the instant petition pursuant to 28 U.S.C. § 2255 on October 3, 2011. He advances four grounds for relief, the first three alleging ineffective assistance of counsel on the part of his counsel at the time, Joshua Kendrick. First, he alleges that counsel was deficient for failing to object on the grounds that there was insufficient

evidence in the record to demonstrate that a firearm was used in furtherance of the drug activity. Second, he alleges that counsel was deficient for not objecting to a sentencing guideline enhancement for being an organizer or leader. Third, he alleges that counsel was deficient for failing to object to a § 851 enhancement on the basis that his prior conviction was not a felony. Finally, he argues that the Fair Sentencing Act (FSA) should be applied retroactively to his 2008 conviction.

The Government, Respondent here, has filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (ECF No. 1033). The court advised the Petitioner in a *Roseboro* order of the importance of his adequate response to the motion for summary judgment and the Petitioner responded in opposition. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Because the government failed to attach an affidavit referred to in its motion, the court directed the government to file that affidavit separately. After the government filed that affidavit (ECF No. 1054) the court permitted the Defendant the opportunity to respond, and defendant filed a response. The court will also address the defendant's arguments contained in his amended § 2255 petition (ECF No. 1036), and to the extent that filing is a request to amend, that request to amend is granted.

**STANDARD OF REVIEW**

In order to prevail on an ineffective assistance claim, the Petitioner must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). He must first demonstrate that counsel's representation fell below an objective standard of

reasonableness. *Id.* at 687–91. In examining the performance of counsel, there is a strong presumption that his conduct was within the wide range of reasonable professional assistance. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the distorting effects of hindsight. *Id.* at 688–89. In addition to showing ineffective representation, the petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party opposing summary judgment "must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.* Because the Petitioner is acting pro se, the documents that he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court may not ignore a clear failure in the pleadings to

allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't. of Social Svcs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Noble first argues that his counsel was ineffective for failing to object to a guideline enhancement for possessing a firearm in furtherance of drug trafficking. Noble argues that he bought the gun for personal protection and that it was not related to any drug activity. Though Noble contests the court's finding, he does not indicate—nor is his attorney aware of—any evidence that would support his argument that the gun was not related to any drug activity. Noble's argument relates only to the reasons for the purchase of the gun, and he does not indicate any evidence to challenge the testimony that the gun was later used in drug related activity. On the other hand, the government notes that eight different co-conspirators provided information indicating that Noble possessed a firearm during drug related conduct. As a result, the government met its burden to support an enhancement under U.S.S.G. § 2D1.1(b)(1). Given the strength of the government's evidence, and the lack of evidence indicated by Noble, the evidence shows that there was no valid ground for counsel to object. Accordingly, the court determines that the counsel was not ineffective for failing to object and that Noble's first ground for relief lacks merit.

Noble's second ground for relief is an assertion of ineffective assistance of counsel for failing to object to a sentencing guideline enhancement for being an organizer or

4

leader. As noted by Kendrick and by the government, Kendrick did in fact object to the guideline enhancement. *See* Kendrick Aff. ¶ 6. Because his counsel did object, and counsel indicates that there are no additional grounds for arguing the motion for which his counsel is aware, Noble fails to state a valid ground for relief based on ineffective assistance of counsel.

Noble also appears to challenge the courts finding regarding the sentencing enhancement on the basis that it violated his Sixth Amendment right to a jury trial. "[A] district court does not violate the Sixth Amendment by making factual findings as to sentencing factors by a preponderance of the evidence as long as the fact-finding does not enhance the sentence beyond the maximum term specified in the substantive statute." *United States v. Aitch*, 352 Fed. App'x 788, 789 (4th Cir. 2009) (holding that because the district court treated the guidelines as advisory, it did not violate defendant's Sixth Amendment in applying enhancements based on its finding that defendant was a leader or organizer). Because this court followed that approach,[1] this alternate theory also fails to state a valid ground for relief.

Noble's third ground for relief alleges ineffective assistance of counsel for failure to object to the § 851 enhancement for a prior conviction. Counsel did not object based on his understanding that an objection to the 851 enhancement on the basis that the conviction was not a felony was precluded by the Supreme Court's decision in *Burgess v.*

---

[1] The court actually sentenced the defendant below the minimum of the advisory guidelines. *See* Sentencing Tr., p. 25., ECF No. 853.

*US*, 553 U.S. 124 (2008) (holding a South Carolina conviction for possession of cocaine that is classified under state law as a misdemeanor but carries a statutory maximum of greater than one year qualifies as an enhancing conviction under Sections 841 and 851).[2] *See* Kendrick Aff. ¶¶10-14. Thus, even though Noble's conviction was labeled a misdemeanor under state law, *see* S.C. Code § 44-53-375A, because the crime carried a statutory maximum of greater than one year, the offense constituted a felony purposes of the federal law applied at this sentencing. Accordingly, Noble fails to establish that counsel was ineffective for failing to object to the Section 851 enhancement and that any prejudice resulted.[3]

Noble also appears to make an actual innocence claim, though he does not maintain that he did not commit the underlying acts. Rather, Noble's actual innocence claim addresses the same grounds argued immediately above that he was convicted of a misdemeanor rather than a felony. For those same reasons outlined above, that claim is rejected. Actual innocence claims also function as an exception to a procedural default, and to the extent that Noble intends to advance that argument, it is inapplicable in these circumstances.

---

[2] This decision was released on April 16, 2008, one month before Noble signed the plea agreement in this case.
[3] Nor are Noble's citations to *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010) and *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) relevant. In those cases, the underlying conduct did not necessarily subject the defendant to the possibility of a one year term of incarceration. Here, defendant faced the possibility of imprisonment for more than one year, and the prior state drug conviction constitutes a felony drug conviction and his sentence was correctly enhanced pursuant to § 851.

Finally, Noble argues that this court should apply the Fair Sentencing Act (FSA) retroactively to his sentencing. The court first notes that Noble waived his right to challenge his sentence on this ground in his plea agreement. In any event, the FSA does not apply retroactively to a defendant such as Noble who was sentenced in 2008. The FSA applies retroactively only to "offenders who crimes preceded August 3, 2010, but who are sentenced after that date." *United States v. Mouzone*, No. 10-4781, slip. op. at 20 (4th Cir. July 26, 2012). Because the crime and Noble's sentencing preceded that date, Noble's FSA argument is meritless.

Noble also filed a Motion Seeking Summary Dismissal of the Government's Motion (ECF No. 1037), which he requests appointment of counsel. In a Section 2255 action, however, the rules do not require appointment of counsel unless the court determines that an evidentiary hearing is necessary. The court has determined that an evidentiary hearing is not necessary in this case and that the government's motion for summary judgment should be granted. Because no hearing is required, and no novel issues are presented in this case, appointment of counsel for the petitioner is not appropriate. Therefore, Noble's request for appointment of counsel is denied.

Additionally, in those same materials submitted as a response in opposition to the Governments motion, Noble asks that the court to summarily dismiss the government's motion. The court will construe these materials as a cross-motion for summary judgment. As noted above, the court finds that the Respondent is entitled to summary judgment, and therefore Noble's cross-motion for summary judgment is denied.

## CONCLUSION

Having carefully considered all of the allegations raised in the § 2255 petition, the court concludes that none of the claims asserted by Noble has merit. For the reasons contained herein, Noble's motion and amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 1014 & 1036) are denied, and the government's motion for summary judgment (ECF No. 1033) is granted. It is further ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

August 21, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."